IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **NORMA DOMINGUEZ** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 23-133 | |
| § | | |
| § | | |
| **DEPARTMENT OF PUBLIC SAFETY** § | JURY TRIAL DEMANDED | |
| **Defendant.** § | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff NORMA DOMINGUEZ ("PLAINTIFF") respectfully submits this her Original Complaint against the TEXAS DEPARTMENT OF PUBLIC SAFETY ("Defendant DPS"), and in support thereof would respectfully show unto the court the following:

A. Parties

1.     Plaintiff NORMA DOMINGUEZ is an individual that is a citizen of the State of Texas and Webb County Texas.

2.     Defendant TEXAS DEPARTMENT OF PUBLIC SAFETY, is a department in Texas, may be served with process by serving the Texas Department of Public Safety, at P.O. Box 4087 Austin, Texas 78773, under the authority of Texas Civil Practice & Remedies Code, § 17.024 (a).

B. Jurisdiction

3.     The court has jurisdiction over this action by reason of 28 U.S.C. §1331, in that Plaintiff, pursuant to Title VII of the Civil Rights Act of 1964, as amended, seeks to redress gender discrimination.

4. The court has jurisdiction over this action by reason of 42 U.S.C. §2000e-5(f)(3) in that Plaintiff is bringing this lawsuit under Subchapter VI of Chapter 21 of Title 42.

5. The court has jurisdiction over this action by reason of 28 U.S.C. §1331, in that Plaintiff's claims arise under Title 42 U.S.C. §1983, as she seeks to redress sexual harassment and/or gender discrimination.

6. The court has jurisdiction over this action by reason of 28 U.S.C. §1331, in that Plaintiff's claims arise under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

7. The court has jurisdiction over this action by reason of 28 U.S.C. §1343, in that Plaintiff, pursuant to Title VII of the Civil Rights Act of 1964, as amended, seeks to redress gender discrimination.

### C. Venue

8. Venue is also proper in this judicial district under 28 U.S.C. §1391(b)(1) because pursuant to 28 U.S.C. §1391(c)(2), Defendant is an entity which shall be deemed to reside in this judicial district.

9. Venue is also proper in this judicial district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Plaintiff was discriminated against and retaliated against in this judicial district.

10. Venue is also proper in this judicial district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practices of sexual harassment and unlawful retaliation were committed in this district.

11. Venue is also proper in this judicial district under 42 U.S.C. §2000e-5(f)(3) because the employment records relevant to the alleged unlawful employment practice are maintained and

administered in this district.

## E. Facts

12. Plaintiff began employment with the Defendant in May 2022.

13. She was employed as a DPS Trooper Trainee at the time of her dismissal.

14. Plaintiff's testing during the academy were above average. The testing as a Trainee was the curriculum for a Basic Peace Officer License. Ms. Dominguez had been employed by Laredo Police Department already for 7-8 years and therefor had her advance peace officer license.

15. She faithfully and dutifully performed her written and physical assigned tasks even when injured.

16. Since the beginning of the academy, Ms. Dominguez felt that since the beginning of the training she was treated differently.

17. However, it became prominent when the physical training started. Ms. Dominguez noticed that they would deny to work with her in self defense tactics. At those times, they would choose the younger females and provide them with instructions. With Ms. Dominguez they used more force and would never work with other females as the other women would. Ms. Dominguez was always assigned to males and other younger females were not.

18. Ms. Dominguez' husband reached out to the Director Steve McCraw to let me know what was going on. After he reached out they were told to work with Ms. Dominguez. They worked with her 1 day.

19. After this every time she would be assigned to work different instructors at each of the classes. Comments were consistently made regarding the director being called on her behalf. Ms. Dominguez felt that all the instructors after the director was contacted started to use

excessive force on her.  Her grading seemed to be unfair compared to the others.  She was failed for something minors compared to others who made what she would describe as more serious mistakes and still passed.

20. Ms. Dominguez was injured during the training.  Several comments were made about the injuries towards the females and more specifically to Ms. Dominguez.

21. Ms. Dominguez had passed everything other than 1 scenario.  Ms. Dominguez was two weeks from graduating.  She was being subject to scenarios and other physical activity that others were not.  She felt that she was discriminated and retaliated. She had completed the full curriculum and was constructively discharged in October 2022.

### D. Exhaustion of Administrative Remedies

22. Plaintiff timely filed a charge of discrimination against Defendant Webb County, Texas with the Equal Employment Opportunity Commission ("EEOC").

23. Plaintiff files this original complaint within 90 days after receiving a notice of the right to sue from the EEOC.  Noticed was received by Plaintiff on August 28, 2023.  Suit is being timely filed.

### F. Count 1 – AGE DISCRIMINATION

24. Plaintiff incorporates all of the allegations made hereinabove.  Defendant was being discriminated due to her age of being over 40 years of age.  Under the Age Discrimination in Employment Act of 1967 (ADEA), it is unlawful to discriminate against an individual age 40 or older because their age with respect to any any term, condition, or privilege of employment, including but not limited to, recruitment, hiring…and training.  The ADEA prohibits harassment due to age.   It protects employees from a hostile or offensive work environment. It also protects

against retaliation.

### G. Count 2 – GENDER DISCRIMINATION

25. Plaintiff incorporates all of the allegations made hereinabove. Defendant intentionally discriminated against Plaintiff in violation of Title VII by based on her Sex of being a female. Specifically, the Defendant through its employees, discriminated against Defendant creating a hostile work environment based on her gender, being a female. She was constructively discharged due to the way she was being treated.

26. Defendant intentionally discriminated against Plaintiff in violation of Title VII by creating a hostile work environment. Specifically she was subjected to behavior based on her Sex/gender and age that was different than other trainees in training.

27. Defendant's intentional discrimination resulted in an adverse employment action against Plaintiff.

28. Defendant did not exercise reasonable care to prevent and cure allegations. Defendant ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct when Ms. Dominguez, an employee with DPS spoke to the Director of training.

### H. Count 3—Retaliation

29. Plaintiff incorporates all of the allegations made hereinabove. Under Title 42 U.S.C. §2000e-3(a), it is an unlawful employment practice for an employer to discriminate against any of its employees because that employee has opposed any practice which constitutes discrimination, or because said employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII. She was treated differently and it was made difficult for her to continue her employment. She was subjected to

disparate treatment that basically made her unable to continue in her employment.

## I. Damages

30. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

    a. Plaintiff has been denied all possibilities of advancing as she has been stripped of all her authority, and has had her reputation, respect, and authority undermined by Plaintiff; and
    b. Plaintiff has suffered mental anguish and emotional distress.
    c. Plaintiff would like to be rehired as a trooper since she indeed passed all of the requirements needed to become a trooper.
    d. Loss past Pay and future pay.

## J. Attorney Fees & Costs

31. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## K. Jury Demand

32. Plaintiff asserts her right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## L. Prayer

33. For these reasons, Plaintiff asks for judgment against Defendant for the following:

    a. Actual damages.
    b. Prejudgment and postjudgment interest.
    c. Reasonable attorney's fees.
    d. Costs of suit.
    e. All other relief the court deems appropriate.

Respectfully submitted,


By: /s/ Guillermo G. del Barrio, Jr.
**Guillermo G. del Barrio, Jr.**
Texas Bar No.: 24049078
Federal I.D. No.: 718280
**DEL BARRIO LAW GROUP**
6010 McPherson Rd. #120
Laredo, Texas 78041
Tel: 956-753-7636
Fax: 956-753-8865
memo@delbarriolaw.com
**Attorney for Plaintiff**